# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASSAN RICHARDSON | : | CIVIL ACTION |
| v. | : | |
| JOHN KERESTES, *et al.* | : | NO. 15-4687 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS  
UNITED STATES MAGISTRATE JUDGE August 15, 2018

This habeas corpus case has been remanded by the Honorable Paul S. Diamond. Upon consideration of the parties' recent filings, the undersigned concludes that, to address Judge Diamond's concerns, an evidentiary hearing should be held. This Memorandum will explain the scope of the hearing. By separate order, counsel will be appointed, as required by Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

As explained in the May 31, 2017 Report and Recommendation ("Report"), Petitioner initially raised four claims, three of which had multiple parts. Report at 6. In an amended petition filed over a year later, Petitioner added a fifth claim, alleging his actual innocence. *Id.* The Report found that claim 5 was not cognizable, and claims 2(d), 3(c), 4(a)-(b) and 4(d) were procedurally defaulted. Report at 7-12. The remainder of Petitioner's claims – 1, 2(a)-(c), 2(e), 3(b), and 4(c) – lacked merit under the appropriate standard of review. Report at 14-24.

Petitioner objected, on July 3, 2017, raising for the first time a due process claim[1] based upon *Han Tak Lee v. Glunt*, 667 F.3d 397 (3d Cir. 2012).[2] Presenting this new claim constitutes

---

[1] The factual basis for this claim is an August 22, 2018 letter written by David Dawkins, the spouse of Commonwealth witness Ebony Dawkins, and evidence relating to Ms. Dawkins use of psychiatric medication. Notice at 12. In the letter, Mr. Dawkins stated that Ms. Dawkins told him that she had falsely accused Petitioner and his co-defendant of being involved in the murder at issue in this case. Amended Petition, Exhibit A.

[2] *Han Tak Lee* provides that due process is violated if the defendant obtains new, reliable evidence that so undermines the reliability of the evidence presented at trial that his conviction is fundamentally unfair. 667 F. 3d at 403. In a subsequent appeal, the Third Circuit confirmed that this type of due process claim is distinct from a free-standing innocence claim. *Han Tak Lee v. Houtzdale, SCI*, 798 F.3d 159, 162 (3d Cir. 2015).

a violation of Judge Diamond's February 17, 2016 order, because that order informed Petitioner that he was barred from raising new claims after the filing of the Report, if he could have presented the claim before the Report was issued.[3] Despite Petitioner's violation of the February 17, 2016 order, Judge Diamond has directed the undersigned to consider whether an evidentiary hearing is appropriate for Petitioner's due process claim and the related, but distinct, actual innocence claim, a claim that could serve to excuse the procedural defaults of claims 2(d), 3(c), 4(a)-(b) and 4(d). *See House v. Bell*, 547 U.S. 518, 536-37 (2006). The undersigned will conduct an evidentiary hearing to decide whether the August 22, 2018 letter has sufficient probative value to either establish a due process violation or excuse Petitioner's numerous procedural defaults. In order to do so, David Dawkins and Ebony Dawkins should testify so that the undersigned can evaluate their credibility.[4]

If the undersigned concludes that Petitioner satisfies the requirements of actual innocence, he can excuse any procedural defaults; hence, all of his defaulted claims could be reviewed on their merits. *House*, 547 U.S. at 536-37. Therefore, for purposes of efficiency, the evidentiary hearing will also cover Petitioner's defaulted ineffective assistance claims, which are 4(a)-(b) and 4(d). Trial counsel (Louis D. Nicholson, Petition at 17), direct appellate counsel (David B. Mischak, *id.*) and, perhaps, Petitioner are expected to testify concerning these claims. Petitioner's remaining defaulted claims can be adjudicated based on the existing evidentiary record.

An implementing Order will be issued.

---

[3] David Dawkins' letter is dated August 22, 2008 and *Han Tak Lee* was decided on January 27, 2012. Both dates are well before the Report was filed. In fact, they are well before Petitioner filed his initial habeas petition in 2015.

[4] Judge Diamond noted that the trial court conducted an evidentiary hearing at which Mr. Dawkins testified that Petitioner's co-defendant had forced him to write the August 22, 2008 letter and that Ms. Dawkins had not recanted her testimony. Notice at 14. If believed, Mr. Dawkins' testimony defeats any actual innocence or due process claims. However, the trial court failed to explicitly decide whether it credited the letter or Mr. Dawkins' testimony. *Id.* Judge Diamond believes that the credibility of the letter cannot be evaluated without an evidentiary hearing. *Id.* Hence, one will be held.